**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

TONI L. MIKEL                                                                              PLAINTIFF

V.                              CASE NO. 3:25-CV-00100 KGB-JTK

SOCIAL SECURITY ADMINISTRATION                                      DEFENDANT

## RECOMMENDED DISPOSITION

### I.   Procedures for filing Objections:

This Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Kristine G. Baker. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Chief Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

### II.   Introduction:

Plaintiff, Toni L. Mikel ("Mikel"), filed an application for Title II disability and disability insurance benefits on November 22, 2022.[1] (Tr. at 14-25). In the

---

[1] An earlier application that Mikel filed was denied on March 25, 2021. (Tr. at 15).

application, she alleged that her disability began on March 26, 2010, but she later amended her onset date to May 1, 2014. *Id*. The application was denied initially and upon reconsideration. *Id*. After conducting a hearing, an Administrative Law Judge ("ALJ") found that Mikel was not disabled. *Id*. The Appeals Council denied Mikel's request for review of the hearing decision. (Tr. at 1-6). The ALJ's decision now stands as the final decision of the Commissioner, and Mikel has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## III.    **The Commissioner's Decision**:

Mikel last met the insured status requirements of the Social Security Act on June 30, 2018. (Tr. at 17). The ALJ determined that Mikel had not engaged in substantial gainful activity during the period from her amended alleged onset date through her date last insured of June 30, 2018.[2] *Id*. The ALJ found, at Step Two, that Mikel has the following severe impairments: bipolar disorder, depression, anxiety, gout, and obesity. *Id*.

---

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

The ALJ determined that Mikel did not have an impairment or combination of impairments that met or medically equaled a Listed Impairment.[3] (Tr. at 18-20). Next, the ALJ found that Mikel had the residual functional capacity ("RFC") to perform work at the medium exertional level with the following additional limitations: (1) no more than frequent balancing, stooping, kneeling, crouching, and crawling; (2) limited to simple, repetitive work, involving simple work-related decisions; and (3) able to engage in occasional interaction with supervisors, coworkers, and the public. (Tr. at 19).

The ALJ determined that Mikel was unable to perform any past relevant work. (Tr. at 23). Relying upon testimony from a vocational expert ("VE"), the ALJ found that, considering Mikel's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Mikel could perform. (Tr. at 23-24). Therefore, the ALJ concluded that Mikel was not disabled. Id.

## IV.  **Discussion:**

### A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether

---

[3] See 20 C.F.R. Part 404, Subpart P Appendix 1: "Adult Listing of Impairments."

it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in

the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.    Mikel's Arguments on Appeal

Mikel contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. She argues that the ALJ did not properly consider her gout and depression or analyze all of her impairments in combination.

1.    **Gout and Depression**

Mikel asserts that the ALJ did not properly consider her gout or depression and that the RFC did not incorporate limitations from these conditions. The Court disagrees.

Mikel began taking medication for gout in 2017, and by February 2018, her condition had improved.[4] (Tr. at 17, 21, 475-479). Diagnostic studies including x-rays and an ultrasound were normal.[5] (Tr. at 21, 467-485). Mikel was noted to ambulate well by her provider in September 2018. (Tr. at 473). The state-agency

---

[4] Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Duvall v. Bisignano*, NO. 4:25-cv-00120 KGB-PSH, 2025 WL 1812626, n. 6 (E.D. Ark. July 1, 2025); *See Locher v. Sullivan*, 968 F.2d 725, 728 (8th Cir. 1992).

[5] Normal clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001).

medical expert found that Mikel was capable of medium work (Tr. at 73-74), and the ALJ's assigned RFC further incorporate any issues from gout by limiting Mikel to no more than frequent balancing, stooping, kneeling, crouching, and crawling.[6] Given Mikel's positive response to treatment and the need for only conservative treatment, along with normal objective testing, this RFC is well-supported. The ALJ thoroughly discussed Mikel's gout, and she has not shown gout to be disabling.

Although Mikel claims that mental health symptoms were disabling, she had infrequent mental health treatment. She said she improved with treatment in October 2015, and she dropped out of treatment by the end of 2015. (Tr. a 21, 435-465). At a PCP visit in 2018, she reported further improvement. (Tr. at 475). A consultative examiner found in 2014 that Mikel was able to perform mental work functions without difficulty. (Tr. at 421). Mikel also said she could do things like shop, perform household chores, use Facebook, drive, and visit family.[7] (Tr. at 19-21,

---

[6] A claimant's RFC represents the most she can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of her impairments. *Ostronski v. Chater,* 94 F.3d 413, 418 (8th Cir. 1996). An ALJ is not required to include limitations in the RFC that are not supported by the evidence in the record. *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003).

[7] Such daily activities undermine her claims of disability. *Andrews v. Colvin*, 791 F.3d 923, 929 (8th Cir. 2015); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

269-271). In spite of this evidence, the ALJ gave credit to Mikel's claims that she had mental health problems by limiting her to simple work in the RFC. This RFC lined up with the evidence. The ALJ properly discussed and considered Mikel's mental impairments.

### 2. Impairments in combination

The ALJ also discussed all of Mikel's impairments and considered her impairments in combination, even those that were not severe.[8] He also considered her complaints of pain, the nature of her treatment, her positive response to treatment, and her daily activities. (Tr. at 17-21). He then created an RFC incorporating all of her credible limitations. *Id.* The ALJ's discussion explained how each impairment's limitations impacted the RFC. The Court finds no error.

### V.   Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly evaluated all of Mikel's impairments, including gout and depression. The finding that Mikel was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

---

[8] *See Hajek v. Shalala*, 30 F.3d 89, 92 (8th Cir. 1994) (ALJ properly considered the combined effects of impairments when the ALJ noted that the evidence as a whole did not show claimant's symptoms would preclude all work).

IT IS SO ORDERED this 5th day of January, 2026.

_____
UNITED STATES MAGISTRATE JUDGE